Donald H. BROWN, Appellant,

v.

STATE of Iowa, Appellee.

No. 63876.

Supreme Court of Iowa.

Sept. 17, 1980.

James M. Tinker, Audubon, for appellant.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and David M. Neas, County Atty., for appellee.

McCORMICK, Justice.

The question here is whether a probation revocation must be voided because of unnecessary delay in bringing the alleged violator before a magistrate for an initial appearance after his arrest on the information alleging the probation violation. Applicant Donald H. Brown challenged revocation of his probation by postconviction action. *See State v. Halsne*, 219 N.W.2d 657 (Iowa 1974). The trial court denied relief, and this appeal followed. We affirm.

The relevant facts are stipulated. In September 1978 Brown pleaded guilty to second–degree burglary in violation of sections 713.1 and .3, The Code, and was sentenced under section 902.9(3) to ten years' confinement, granted probation and further ordered committed under section 907.3(2) to a community correctional residential treatment facility in Council Bluffs. In January 1979 he failed to return to the facility following a weekend furlough. A warrant was issued under sections 908.1 and .11 for his arrest for probation violation. He was arrested and placed in the Audubon County jail on February 16. On March 2 Brown was first taken before a magistrate. The procedures provided in section 908.2 were then followed. The merits of the violation charge were subsequently heard. Following the hearing, the court revoked Brown's probation and ordered him to serve his sentence.

The parties agree that no excuse exists for the two–week delay in taking Brown before a magistrate for his initial appearance after his arrest on the information charging him with probation violation. They agree that magistrates were accessible and available during this period.

■ Probation revocation proceedings are governed by section 908.11. That provision makes procedures for parole revocation applicable to probation revocation. This means the initial appearance provision of section 908.2 applies to probation revocation proceedings. "Unnecessary delay" has the same definition in probation revocation proceedings that it does in parole revocation proceedings, and the consequence for violating the provision is the same in each situation.

■ This case is therefore governed by our holding in *State v. Dowell*, 297 N.W.2d 93 (Iowa 1980), filed separately this date, in which we held that an alleged parole violator does not have a right to have the proceedings against him dismissed with prejudice for unnecessary delay in bringing him before a magistrate for an initial appearance in violation of section 908.2.

Even though section 908.2 was violated in this case, the remedy which Brown seeks in this postconviction action is not available to him.

We hold that the trial court did not err in refusing to set aside the probation revocation.

AFFIRMED.

All Justices concur except McGIVERIN, J., and REYNOLDSON, C. J., who dissent, and SCHULTZ, J., who takes no part.

McGIVERIN, Justice (dissenting).

I respectfully dissent from the result reached by the majority.

Probation violation proceedings are initiated like those for parole violations. §§ 908.-11, .1 and .2, The Code.

After arrest for parole violation, Brown was detained in the Audubon County Jail for two weeks without benefit of counsel or initial appearance before a magistrate. Clearly his rights under section 908.2 were violated. Brown was entitled to such an initial appearance within 24 hours after arrest, section 908.2, The Code, Iowa R.Crim.P. 2 and 1(2)(c), unless the delay was excused, which it was not.

The statement in the majority opinion of the companion case, *State v. Dowell*, 297

N.W.2d 93, 98 (Iowa 1980), filed to-day, that "[t]he habeas corpus or postconviction remedy may not be meaningful to an accused who does not have counsel," is not strong enough as applied here. Such remedies have *no* meaning to an accused in Brown's situation.

Under the same reasoning as in Chief Justice Reynoldson's dissent in *Dowell,* 297 N.W.2d 93, 98, I would reverse the district court ruling on Brown's postconviction relief application and remand the case with instructions that the postconviction court enter an appropriate order dismissing without prejudice the application for revocation of Brown's probation in the burglary case. § 663A.7, The Code. The State would be permitted to refile the complaint for revocation of probation based on the same alleged violation, absent motives of deliberate harassment or bad faith delay.

REYNOLDSON, C. J., joins this dissent.