**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2036
_____

UNITED STATES OF AMERICA


v.


RAY DEAN COLBURN,
                              Appellant


_____


Appeal from United States District Court
for the Middle District of Pennsylvania
(No. 4-06-cr-00428-002)
District Court Judge: Honorable John E. Jones III


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
November 15, 2010
_____


Before: AMBRO, FISHER, GARTH, <u>Circuit Judges</u>.
(Opinion Filed:  November 16, 2010)


_____


OPINION
_____


1

GARTH, *Circuit Judge*:

Appellant Ray Dean Colburn ("Colburn") appeals from the District Court's denial of his motion to dismiss the indictment, and from the District Court's sentence. Colburn argues that the indictment against him should have been dismissed under Federal Rule of Criminal Procedure 5, or alternatively pursuant to the Fifth Amendment's Due Process clause, based on delay. Colburn further argues that the District Court erred in classifying him as a "Career Offender" under the Sentencing Guidelines, U.S.S.G. § 4B1.1. We will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we set forth only those facts necessary to our analysis.

On December 14, 2006, the United States filed an Indictment against Colburn charging him and others with conspiracy to distribute a controlled substance. An arrest warrant for Colburn was issued. On December 27, 2006, Colburn reported to his probation office in Wilkes-Barre Pennsylvania, Luzerne County.[1] A state probation officer took Colburn into custody, and he was detained on a federal warrant in the Luzerne County Correctional Facility. On January 16, 2007, Colburn appeared before a federal magistrate judge, was assigned counsel, and entered a not guilty plea.

---

[1] The government contends that, prior to this date, Colburn attempted to hide from authorities, and for this reason investigators called Colburn's Luzerne County probation officer.

2

Between December 27, 2006 and January 16, 2007, no statements were taken from Colburn, nor were any interviews conducted. Colburn first met with investigators on January 30, 2007, with his court-appointed counsel present. On July 16, 2007, Colburn withdrew his not guilty plea and pled guilty. Thereafter, he filed two motions to withdraw his guilty plea. Subsequently, he filed a motion to withdraw his motion to withdraw his guilty plea.

In May 2009, Colburn filed a Motion to Dismiss the Indictment based on alleged prejudicial delay between his arrest and initial appearance. On July 22, 2009, the District Court denied his motion to dismiss.

The Presentence Report prepared for Colburn listed several prior adult criminal convictions and classified him as a "Career Offender" pursuant to the Sentencing Guidelines. On October 29, 2009, Colburn filed a memorandum in which he objected to the probation officer's recommendation to classify him as a Career Offender. In a December 16, 2009 Memorandum and Order, the District Court rejected Colburn's arguments and found that he was a Career Offender under the Guidelines. The court determined that two separate "Possession with Intent to Deliver/Distribute Marijuana" offenses both counted as predicate offenses for career offender status. On March 29, 2010, the District Court sentenced Colburn to 120 months' incarceration.

II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742(a).

3

The District Court's construction of Federal Rule of Criminal Procedure 5(a) is subject to plenary review, and its factual determinations are reviewed for clear error. *United States v. Dyer*, 325 F.3d 464, 467 (3d Cir. 2003). In considering a challenge to a district court's sentencing decision, this Court engages in two levels of review. "First, we must ensure that the district court did not commit a significant procedural error in arriving at its decision, such as failing to calculate (or improperly calculating) the Guidelines range . . . Second, if we determine that there has not been a significant procedural error, we review the ultimate sentence imposed to determine if it was substantively reasonable under an abuse of discretion standard." *United States v. Brown*, 595 F.3d 498, 526 (3d Cir. 2010) (internal citations and quotation marks omitted).

III.

A. Federal Rule of Criminal Procedure 5(a) and Fifth Amendment Due Process claims

Federal Rule of Criminal Procedure 5(a)(1)(A) states: "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." Colburn contends that government authorities violated this Rule because he was held in custody for 21 days before being brought before a magistrate judge, and that such violation warrants dismissal of the indictment against him. He argues alternatively that this delay violated his Fifth Amendment right to due process.

Colburn's arguments fails for the following reasons. First, the remedy for a violation of Rule 5 is suppression of evidence produced or "statements taken during the period of unnecessary delay," not dismissal of the indictment. *Dyer*, 325 F.3d at 470 n.2

4

(citing *Govt. of the Virgin Islands v. Gereau*, 502 F.2d 914, 923 n.5 (3d Cir. 1974)). Because no statements or evidence were taken during the period of delay, Colburn would not be entitled to a remedy.

Second, Colburn has not demonstrated a violation of Rule 5(a) or of the Fifth Amendment Due Process clause. The United States has not engaged in conduct that violated "fundamental fairness" or shocked a "universal sense of justice." *See United States v. Russell*, 411 U.S. 423, 432 (1973). Colburn contends that the 21 days he was kept in jail before seeing a Magistrate Judge constituted "outrageous conduct" by the United States. There is no authority to support this statement. Colburn's allegations of a Rule 5 or Fifth Amendment Due Process violation fail as a matter of law.

Additionally, Colburn waived this issue by pleading guilty, thereby foreclosing our review. *Abram v. United States*, 398 F.2d 350, 350 (3d Cir. 1968) (guilty plea constitutes waiver of all nonjurisdictional defects and defenses); *United States v. Bentz*, 21 F.3d 37, 39 n.2 (3d Cir. 1994) (declining to decide whether a guilty plea waives jurisdictional in addition to nonjurisdictional defects).

B.  Career Offender status

Under the Guidelines, a "defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

Colburn disputes that he meets the third criteria. He argues initially that he does not have two applicable prior felony convictions because the two prior felony convictions upon which the District Court relied should have been counted as only one prior offense. Second, he argues that even if the two offenses are counted separately, the first offense is not an applicable prior offense under the Guidelines due to a combination of the date on which the offense occurred and the length and type of sentence.

Colburn argues that the offense he committed in 1991 and the offense he committed in 1995 should be counted as one offense. The Guidelines provide that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). Colburn pled guilty in 1991 to his first offense, which involved possession with intent to deliver marijuana. He pled guilty four years later to another similar offense. He therefore was convicted on two separate occasions for two different felony drug offenses, and sentenced on two different dates. There is no merit to Colburn's argument that these two offenses should be counted as one offense.

Next, Colburn contends that the first felony offense should not be counted as a predicate offense because it occurred in 1991, more than ten years before the present indictment dated December 2006, and the original sentence was five years of probation and no term of imprisonment.

However, U.S.S.G. § 4A1.2(e) provides a fifteen year, not a ten year period:

(e) Applicable Time Period

6

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

Colburn argues that his sentence does not fit into section (e)(1) because it was not a term of imprisonment exceeding one year and one month; thus, it falls under (e)(2), a ten year period applies, and since he was sentenced more than ten years before the instant offense, the 1991 offense cannot be counted.

However, as the District Court correctly pointed out, because Colburn's sentence was accelerated to five years imprisonment in 1995 and his probation revoked in 1996, the 1991 offense falls under section (e)(1). U.S.S.G. §4A1.2(k) states:

> (k) Revocations of Probation, Parole, Mandatory Release, or Supervised Release
>
> (1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.
>
> (2) (B) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e). For the purposes of determining the applicable time period, use the following: (i) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence (see § 4A1.2(e)(1)); (ii) in the case of any other confinement sentence for an offense committed prior to the defendant's eighteenth birthday, the date of the defendant's last release from confinement on such sentence (see §

7

4A1.2(d)(2)(A)); and (iii) in any other case, the date of the original sentence (see § 4A1.2(d)(2)(B) and (e)(2)).

Further:

Section 4A1.2(k) covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, if any, did not exceed one year and one month. Rather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence.

U.S.S.G. §4A1.2(k), cmt. n.11.  Thus, because Colburn's probation was revoked and he was sentenced to a term of imprisonment longer than one year and one month, his 1991 offense fell under section (e)(1) of U.S.S.G. § 4A1.2(e) and the 15 year time period applies.

Colburn's probation was revoked for the 1991 offense in 1996, and he was released from prison in 2000 or 2001.  Further, the alleged conduct for the instant offense was alleged to have occurred beginning in January 2004, and Colburn was indicted in 2006.  Thus the sentence for the first offense was imposed within 15 years of the commencement of the instant offense, and it resulted in Colburn being incarcerated within 15 years of the instant offense.  Accordingly, the first offense serves as a predicate offense for purposes of the career offender classification.

Colburn's argument that the first offense should not have been counted fails, and he has made no objection to counting the second offense.

The District Court did not err in overruling Colburn's objections to his classification as a career offender.

8

IV.

For the foregoing reasons, we will affirm the sentence of the District Court.