# IN THE SUPREME COURT OF IOWA

No. 21–1946

Submitted January 18, 2023—Filed February 17, 2023

**KIRK HOWSARE** and **AUSTIN HOWSARE,**

Petitioners,

vs.

**IOWA DISTRICT COURT FOR POLK COUNTY,**

Respondent.

---

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

Petitioners seek dismissal of misdemeanor assault charges based on allegedly unlawful arrest and detention. **WRIT ANNULLED.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Dean Stowers (argued) of Stowers & Nelsen PLC, West Des Moines, for petitioners.

Brenna Bird, Attorney General, and Kyle Hanson (argued), Assistant Attorney General, for respondent.

**McDONALD, Justice.**

A magistrate issued arrest warrants for Kirk and Austin Howsare on charges of simple misdemeanor assault, in violation of Iowa Code section 708.2(6) (2021). The warrants related to an incident occurring on August 13, 2021, where the defendants allegedly assaulted a woman during a business meeting by "intentionally following [her] into an elevator[,] shouting profanity and telling her she could not leave, [and] forcing [her] to redirect her exit because [she] had not provided the defendant[s] with paperwork said to be part of the business meeting." The arrest warrants provided, "No bond until initial appearance as No Contact Order is requested."

The Howsares were arrested on the afternoon of November 2 and detained in the Polk County Jail overnight. The following morning, the Howsares made their initial appearances before a district associate judge, were served with no-contact orders, posted $100 cash bond, and were released. The total time of their respective detentions did not exceed twenty-four hours.

Unhappy with what they believed to be unnecessary and unwarranted temporary detentions, the Howsares moved to dismiss their cases on the ground that the no-bond arrest warrants, arrests, and subsequent detentions were unlawful. The district court denied the motions, and we granted the Howsares' joint petition for writ of certiorari.

I.

"Certiorari is appropriate when a lower court or tribunal has exceeded its authority or otherwise acted illegally." *State v. Iowa Dist. Ct.*, 828 N.W.2d 607,

611 (Iowa 2013); *see also* Iowa R. Civ. P. 1.1401. "Illegality exists . . . when the court has not properly applied the law." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). "Absent a constitutional argument, 'we review a district court's decisions related to bail for an abuse of discretion.'" *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016) (quoting *State v. Briggs*, 666 N.W.2d 573, 575 (Iowa 2003)). Constitutional challenges related to bail are reviewed de novo. *Id.*

## II.

The Howsares make several challenges to their arrests and detentions. They first contend their arrests and detentions violated their constitutional rights to be free from unreasonable seizures as protected by the Federal and State Constitutions. They contend the no-bond arrest warrants and detentions until their initial appearances violated their state constitutional right to bail. They argue even if their arrests and detentions were constitutional, the magistrate did not have the authority to issue no-bond arrest warrants. Finally, they argue their detentions were unlawful because there was unnecessary delay in bringing them before a judge for initial appearances.

## A.

The defendants first contend their arrests and detentions until their initial appearances violated the federal and state constitutional prohibitions against unreasonable seizures. As relevant here, the Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons . . . against unreasonable . . . seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or

affirmation, and particularly describing the . . . persons or things to be seized." The Fourth Amendment is applicable to the states under the Due Process Clause of the Fourteenth Amendment. *See Wolf v. Colorado*, 338 U.S. 25, 27–28 (1949), *overruled on other grounds by Mapp v. Ohio*, 367 U.S. 643, 653 (1961). The text of "[t]he Fourth Amendment to the United States Constitution is materially indistinguishable from article I, section 8 of the Iowa Constitution." *State v. Wright*, 961 N.W.2d 396, 404 n.3 (Iowa 2021).

The Howsares' respective arrests and detentions do not violate the federal or state constitutional prohibition against unreasonable seizures. "[A] claim challenging pretrial detention [falls] within the scope of the Fourth Amendment." *Manuel v. City of Joliet*, 580 U.S. 357, 364–65 (2017). "[P]retrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." *Id.* at 366–67. "[A] pretrial restraint on liberty is unlawful unless a judge (or grand jury) first makes a reliable finding of probable cause." *Id.* at 365.

Here, there was such a finding. The Polk County Attorney's Office filed complaints against the Howsares. The complaints alleged the Howsares committed an assault in violation of Iowa Code section 708.2(6). The complaints were supported by the sworn statement of a peace officer setting forth the facts and circumstances of the alleged offense. The complaints were presented to a magistrate, who found probable cause that an offense had been committed and that the defendants had committed it. The magistrate then issued the arrest warrants. The Howsares do not challenge the preliminary complaints, sworn

statements, or probable cause determinations. Because the Howsares were arrested after an unchallenged finding of probable cause, their federal and state unconstitutional seizure claims fail as a matter of law. *See id.* at 367 ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause.").

B.

The Howsares argue the endorsement on the warrants delaying bond until their initial appearances violated their right to bail under article 1, section 12 of the Iowa Constitution. Article 1, section 12 provides that "[a]ll persons shall, before conviction, be bailable, by sufficient sureties, except for capital offences where the proof is evident, or the presumption great." Iowa Const. art. I, § 12. The history leading up to our founding shows "[o]ur framers chose to provide a limited right to bail in the Iowa Constitution." *Briggs*, 666 N.W.2d at 582. For example, this court has previously concluded the right to be bailable "by sufficient sureties" did not preclude the requirement of cash bond. *Id.* at 582–83. We explained "unfettered access" to bail "would be contrary to the language of our constitution and, indeed, the long history of the bail system's development and operation." *Id.*

Similarly, in this case, the constitutional right to "be bailable" does not require immediate, unfettered access to bail. Article 1, section 12 provides only that all persons shall be bailable "before conviction." Iowa Const. art. I, § 12. Beyond that, the text of the constitution does not set forth a particular time by which an arrestee shall be bailable. And, contrary to the Howsares' contention,

the text of the constitution certainly does not provide for or even suggest a constitutional right to be bailable before initial appearance. Indeed, as will be discussed below, the Howsares concede that the Iowa Code actually requires that persons arrested for certain offenses be held without bail prior to initial appearance. Thus, while it is certainly true that an arrestee has "a liberty interest in a prompt appearance before the [c]ourt for a first appearance and bail determination," *James v. Valdez*, No. Civ. 13–424 JCH/GBW, 2015 WL 13665445, at *11 (D.N.M. Mar. 16, 2015), there is no general constitutional "right to release prior to first appearance," *Thourtman v. Junior*, 338 So.3d 207, 211 n.7 (Fla. 2022) (per curiam). *See also Westerman v. Cary*, 892 P.2d 1067, 1075 (Wash. 1994) (en banc) (holding "detention without bail pending a speedy judicial determination" at preliminary appearance does not violate state constitutional right to bail). The district court did not err in denying the Howsares challenge under article 1, section 12.

## C.

The Howsares statutory argument fares no better. The relevant statutes grant the magistrate issuing the warrant discretionary authority to impose conditions of release, including a condition that an arrestee must make an initial appearance and be served with a no-contact order. Iowa Code chapter 804 governs the issuance of warrants. Section 804.1 provides that, upon a finding of probable cause, "the magistrate shall, except as otherwise provided, issue a warrant for the arrest" of an alleged offender. Iowa Code § 804.1. If the offense is bailable, the magistrate must make an endorsement on the warrant setting forth

the amount of bail or "other conditions of release." *Id.* § 804.3. As relevant here, the magistrate may impose other conditions of release when "the magistrate determines in the exercise of the magistrate's discretion" that unconditional release "will jeopardize the personal safety of another person or persons." *Id.* § 811.2(1)(*a*). This discretionary authority allows the magistrate to "[i]mpose any other condition deemed reasonably necessary to assure . . . the safety of another person or persons including a condition requiring . . . that the defendant have no contact with the victim or other persons specified by the court." *Id.* § 811.2(1)(*a*)(5).

Despite the plain language of the statute, the Howsares deny the magistrate had any such discretion. They contend chapter 664A implicitly disallows a magistrate from delaying bond until initial appearance. Chapter 664A governs the issuance and enforcement of no-contact orders in criminal cases with an alleged victim. Section 664A.3(1) requires a no-contact order be issued at the time of initial appearance when a person is arrested for certain public offenses. Iowa Code § 664A.3(1). And Iowa Code section 664A.3(2) provides that "a person taken into custody pursuant to section 236.11 or 236A.12 or arrested pursuant to section 236.12 . . . may be released on bail or otherwise only after initial appearance before a magistrate." The Howsares argue the public offenses set forth in section 664A.3 are the exclusive offenses for which an arrestee can be detained without bond until initial appearance. Because the simple misdemeanor assault at issue in this case is not one of those

specified public offenses, they argue, the magistrate lacked discretionary authority to impose the condition at issue.

We disagree with the Howsares' reading of the statute, and we conclude there was no showing the issuing magistrate abused its discretion in delaying bond until initial appearance. Chapter 664A's directive that certain persons must be held until initial appearance does not mean the magistrate issuing the warrant has no authority to require other persons to also be held until initial appearance. To the contrary, Iowa Code sections 804.3 and 811.2 provide the magistrate with discretion to endorse on the warrant other conditions of pretrial release, which specifically includes the discretion to set conditions of pretrial release calculated to assure the safety of others.

Here, the magistrate required as a condition of release that the Howsares make initial appearances so the magistrate could determine whether no-contact orders should issue for the protection of the alleged victim. This was clearly allowed by statute and was within the discretion of the magistrate issuing the arrest warrants. Although the alleged offense occurred several months prior to the execution of the arrest warrants, the need to protect the alleged victim remained. Indeed, the issuance and execution of the arrest warrants may have served as a potential impetus for escalation of the situation or retaliatory violence. There is no showing in this case that the magistrate issuing the arrest warrants failed to exercise its discretion or abused its discretion—such as using a fixed policy in determining conditions of release. The Howsares are thus not entitled to any relief on this claim.

D.

Finally, the Howsares argue their respective overnight detentions prior to their initial appearances constituted "unnecessary delay." We disagree. Iowa Rule of Criminal Procedure 2.1(2)(*d*) defines "unnecessary delay" as "any unexcused delay longer than 24 hours [or] a shorter period whenever a magistrate is accessible and available." The Howsares detention prior to initial appearance was less than twenty-four hours, and the Howsares failed to present any evidence that another magistrate was "accessible and available" prior to the time of their initial appearance. *See, e.g.*, *Valadez v. City of Des Moines*, 324 N.W.2d 475, 478 (Iowa 1982) (holding "plaintiff was required to present substantial evidence that a magistrate was accessible and available" to demonstrate unnecessary delay and collecting cases on similar rules in other jurisdictions). In the absence of any such evidence, "there is no unnecessary delay in waiting for the magistrate to preside over initial appearances until his regular courtroom hours, subject to the twenty-four hour maximum." *Id.* at 479.

III.

The Howsares are not entitled to dismissal of the charges for an additional reason: dismissal of a criminal charge is not the appropriate remedy for an unlawful detention. The remedy for any violation of law must be "tailored to fit the wrong." *State v. Dowell*, 297 N.W.2d 93, 97 (Iowa 1980) (en banc). "Different remedies apply for violations at the different stages of the proceeding. A violation in the arrest and probable cause stage affects the legality of detention of the accused to answer the charge but has no necessary effect on its merits." *Id.* Thus,

with respect to allegedly unlawful pretrial detention, "[i]n the absence of any other sanction in statute or rule, the remedy for a violation . . . is release from detention rather than dismissal of the charge." *Id.*; *see e.g., Brown v. State*, 297 N.W.2d 101, 102 (Iowa 1980) (en banc) (holding dismissal with prejudice was not warranted even when there was "unnecessary delay in bringing [the defendant] before a magistrate for an initial appearance").

We have applied this rule in a variety of contexts—two of which we discuss here. In *State v. Dowell*, the question was "whether a person arrested for an alleged parole violation has a right to have the proceedings against him dismissed with prejudice when the arresting officer does not take him 'before a magistrate without unnecessary delay for an initial appearance' " as required by the Code. *Dowell*, 297 N.W.2d at 95 (quoting Iowa Code § 908.2 (1977)). Because the violation occurred during the probable cause stage of the proceeding, we concluded it was "analogous to a violation of statutory preliminary hearing rights." *Id.* at 97. We concluded dismissal was "not required by constitution nor provided for by statute or rule." *Id.* at 98. We further concluded that dismissal "would bar a charge on a basis having no necessary relationship to its merits" and that, "[m]oreover, it would penalize the public by creating a risk that meritorious charges would be dismissed rather than penalize the officer responsible for the violation of rights." *Id.*

In *State v. Rouse*, the defendant sought to vacate his conviction for second-degree burglary on the ground the district court did not hold a preliminary hearing within ten days after his arrest as required by rule.

290 N.W.2d 911, 912 (Iowa 1980). We rejected the argument, stating that "neither dismissal of a charge nor voidance of a subsequent conviction was required." *Id.* at 913. We explained the constitution did not require dismissal as a remedy for an unlawful detention, and the legislature did not provide for dismissal as a remedy. *See id.* ("We cannot ascribe to the legislature, however, an intent to meet such failure by a remedy as severe as dismissal; nor, as discussed above, is such result mandated upon constitutional grounds."); *State v. Beyer*, 258 N.W.2d 353, 356 (Iowa 1977) ("Nor would even illegal detention in and of itself void a subsequent conviction."); *State v. Fowler*, 248 N.W.2d 511, 515 (Iowa 1976) ("Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction." (quoting *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975))).

Other courts agree that dismissal is an ill-fitting remedy for unnecessary delay in an initial appearance, especially where, as here, the delay caused no prejudice to the arrestee's defense to the merits of the charge. *See, e.g., United States v. Chavez*, 705 F.3d 381, 385–86 (8th Cir. 2013) ("In this case, there is no showing of prejudice to Chavez from the delay between arrest and appearance. Even if there were, the appropriate remedy would be suppression of the statements made during that period, not dismissal of the indictment."); *United States v. Carruthers*, 458 F. App'x 811, 818 (11th Cir. 2012) (per curiam) (stating the "only remedy" the court has recognized for delay "is the suppression of evidence obtained as a result of the violation"); *United States v. Colburn*, 401 F. App'x 706, 708 (3d Cir. 2010) (stating dismissal of the indictment is not

a remedy for unnecessary delay); *Allen v. State*, 760 S.W.2d 69, 70 (Ark. 1988) (stating the rule requires an appearance but a violation "does not require dismissal of the charges"); *Commonwealth v. Perito*, 632 N.E.2d 1190, 1193 (Mass. 1994) ("We agree with the defendant that the practice followed by the District Court judge violated the defendant's . . . right to a prompt initial court appearance, and that, consequently, the defendant was illegally detained. However, . . . there is no basis for dismissing the indictments."); *State v. Bolinske*, 969 N.W.2d 450, 456 (N.D. 2022) ("[D]etention in violation of a statutory right to bail ordinarily is not grounds for dismissing a complaint or voiding a subsequent conviction.").

## IV.

For the foregoing reasons, we conclude the district court did not act illegally in denying the Howsares' respective motions to dismiss the assault charges filed against them.

**WRIT ANNULLED.**