**STATE of Iowa, Appellee,**

v.

**James Emery ROUSE, Appellant.**

**No. 63811.**

Supreme Court of Iowa.

April 23, 1980.

Rehearing Denied May 16, 1980.

Jon M. Kinnamon of Kinnamon, Kinnamon, Russe & Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Kathy Krewer, Asst. Atty. Gen., and Keith D. Collins, Asst. Benton County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

LARSON, Justice.

This defendant appeals a conviction of second-degree burglary, in violation of section 713.3, Supplement to the Code 1977. He asserts that the trial court erred (1) in overruling his motion to dismiss the trial information for failure to hold a preliminary hearing within ten days after his arrest, (2) in failing to submit an instruction on the lesser-included offense of criminal trespass, and (3) in overruling his motion for new trial, based upon alleged misunderstanding by a juror of the element of intent. We affirm the trial court on each of the issues assigned.

I. *The preliminary hearing.* On December 27, 1978, the defendant was arrested. On the following day, he was brought before a magistrate and requested a preliminary hearing which was then scheduled for January 19, 1979. Defendant, being unable to post bond, remained in custody. On January 11 a county attorney's information was filed, and on the same day the county attorney notified defendant's counsel that the scheduled preliminary hearing would therefore not be held. On January 25, 1979, defendant filed a motion to dismiss, relying on Iowa R.Crim.P. 2(4)(a):

> The magistrate shall inform the defendant that he or she is entitled to a preliminary hearing unless the defendant is indicted by a grand jury or a trial information is filed against the defendant or unless he or she waives the preliminary hearing in writing or on the record. . .
> If the defendant does not waive the preliminary hearing, the magistrate shall schedule a preliminary hearing and inform the defendant of the date of the preliminary hearing. Such hearing shall be held within a reasonable time but in any event not later than ten days following the initial appearance if the defendant is in custody and no later than twenty days if he or she is not in custody. Upon showing of good cause, the time limits specified in this paragraph may be extended by the magistrate.

This court consistently held, prior to adoption of rule 2(4)(a), that the filing of a timely county attorney's information cuts off the right to a previously scheduled preliminary hearing. *E. g., State v. Grady*, 231 N.W.2d 869, 874 (Iowa 1975); *State v. Franklin*, 163 N.W.2d 437, 440 (Iowa 1968). The wording in rule 2(4)(a) that a defend-

ant "is entitled to a preliminary hearing unless . . . indicted by a grand jury or a trial information is filed" makes it clear that this principle was retained by our new rules of criminal procedure. *See* 4 J. Yeager & R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 963, at 209 (1979). The State accordingly argues that the filing of the information obviated the preliminary hearing requirement. The defendant does not appear to challenge this position but contends that, as of the end of the ten-day period following his initial appearance, neither a preliminary hearing nor a trial information had been provided, that his statutory rights were therefore violated and that the charges against him must be dismissed.

A habeas corpus proceeding has been held to be a sufficient remedy for a defendant who claimed that his *constitutional* right to a preliminary hearing had been denied; neither dismissal of a charge nor voidance of a subsequent conviction was required. *See Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54, 68 (1975); *State v. Henderson*, 268 N.W.2d 173, 176 (Iowa 1978); *State v. Lee*, 222 N.W.2d 471, 473 (Iowa 1974). In view of the adoption of rule 2(4)(a), we must now determine the appropriate remedy for a defendant whose *statutory* right to a preliminary hearing within ten days of his initial appearance is violated. Defendant contends that the above cases are no longer controlling, because the rule now imposes specific time limits and evidences an intent by the legislature to deal harshly with their infraction. He asserts that the only resolution of this case which will insure full compliance with the rule is to reverse the subsequent conviction and order the information to be dismissed.

■ In this regard, we find the failure of the legislature to specifically provide such a sanction in the language of the rule to be highly probative. *Compare* Iowa R.Crim.P. 2(4)(a) *with* Iowa R.Crim.P. 27(2)(a)–(b) (dismissal required upon failure to indict or try within prescribed time limits). We do not believe that rule 2(4)(a), in requiring a preliminary hearing or indictment within ten days is such a significant departure from the language of section 761.1, The Code 1977, requiring the magistrate to "immediately proceed with the preliminary examination," to warrant a conclusion that the legislature intended violation of the time limits of the rule to be grounds for dismissal.

■ We adhere to our previous view and hold that habeas corpus, not dismissal, is the proper remedy for alleged failure to comply with the time requirements of rule 2(4)(a). We hasten to point out, however, that processing of criminal matters with reasonable celerity has been a concern of the legislature, as shown by their enactment of rule 2(4)(a), and similar time-limiting rules. *See, e. g.,* Iowa R.Crim.P. 27. It is also a concern of the courts, and we view failures to observe statutory time limits with disapproval. It is undisputed here that defendant was in custody and that no judicial determination of probable cause by preliminary hearing, indictment or trial information was provided within ten days as required by rule 2(4)(a). We cannot ascribe to the legislature, however, an intent to meet such failure by a remedy as severe as dismissal; nor, as discussed above, is such result mandated upon constitutional grounds. We find defendant's first assignment to be without merit.

II. *Instruction on lesser-included offense.* Appellate counsel, who did not represent defendant at trial, asserts that the court erred because it did not submit trespass, under section 716.7, as a lesser-included offense in a charge of burglary, under section 713.1. The appellant, however, is confronted with two hurdles in attempting to urge this error on appeal. He waived any such error by the record made at trial, and he failed to enter proper objection at trial to preserve the issue even without the waiver.

■ When final instructions were submitted to defendant's counsel for objections, if any, he said "I have no objection to those instructions." Such a statement amounts to "an express disclaimer of exceptions to instruction[s] . . . ." *State v.*

*Jackson,* 223 N.W.2d 229, 232 (Iowa 1974). *Accord, State v. Williams,* 285 N.W.2d 248, 268–69 (Iowa 1979); *State v. Veverka,* 271 N.W.2d 744, 749 (Iowa 1978); *State v. Rosewall,* 239 N.W.2d 171, 175 (Iowa 1976). The defendant therefore waived his right to assert this issue on appeal.

■■■ Even without regard to this waiver, moreover, the defendant lost his right to assert this error by failing to preserve it at the trial level. His trial counsel did not submit a requested instruction to include trespass nor did he object to the court's failure to submit it. Appellant contends, however, that he is relieved of these responsibilities under Iowa Rule of Criminal Procedure 6(3) which now provides that "it is the duty of the trial court to instruct the jury . . . as to all lesser [included] offenses of which the accused might be found guilty under the indictment and upon the evidence adduced, even though such instructions have not been requested." But this rule does not increase the responsibility of the trial judge in submitting included offenses nor diminish the responsibility of counsel to preserve error on it; rule 6(3) merely restates the existing rule as to the court's duty to instruct. We held, even before enactment of the rule, that it is "the trial court's duty to instruct a jury fully and fairly, even without request . . . ." *State v. Sallis,* 262 N.W.2d 240, 248 (Iowa 1978) (alleged error in failure to instruct on included offense of second-degree murder). The existence of that duty on the part of the court, however, did not relieve counsel of the responsibility of urging proper objection or exception. "[O]ur adversary system imposes the burden upon counsel to make a proper record to preserve error, if any, in this factual circumstance by specifically objecting to instructions in their final form, requesting instructions and voicing specific exception in event they are refused." *Ibid.*

Iowa R.Crim.P. 18(7)(f)[1] provides in part that "[t]he rules relating to the instruction of juries in civil cases shall be applicable to the trial of criminal prosecutions." Iowa R.Civ.P. 196, thus incorporated into the trial of criminal cases, provides in part:

Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, *which shall be made and ruled on before arguments to the jury.* Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. *No other grounds or objections shall be asserted thereafter, or considered on appeal.* But if the court thereafter revises or adds to the instructions, similar specific objection to the revision or addition may be made in the motion for new trial, and if not so made shall be deemed waived. All instructions and objections, except as above provided, shall be part of the record. [Emphasis added.]

Rule 196 clearly requires objections to instructions, at least in civil cases, to be made prior to jury arguments, unless the instructions are later modified. Does Iowa R.Crim.P. 18(7)(f), purporting to make Iowa R.Civ.P. 196 applicable, require the same procedure in criminal cases?

This question is purely academic in this case, because the appellant's objection, not having been raised either at trial or in a motion for new trial, is not timely even under the liberal rule of our earlier cases. It is essential, however, that we reconcile the divergent views on the subject under our prior cases. *Compare State v. Anderson,* 240 Iowa 1090, 1092, 38 N.W.2d 662, 663 (1949) ("Failure to make such objections under rule 196 did not prevent defendant from making them before judgment in her motion for new trial . . . .") *and State v. Holder,* 237 Iowa 72, 83–84, 20 N.W.2d 909, 915 (1945) (Application of the civil rule "does not mean that the defendant in a criminal case must make objections to the instructions in the manner and within the time provided by Rule 196.") *with State v.*

---

1. At the time of trial this provision was found as Iowa R.Crim.P. 18(5)(f).

*Bousman*, 276 N.W.2d 421, 422 (Iowa 1979) ("Iowa R.Civ.P. 196 governs instructions to the jury both under the new criminal code, . . . and under prior law. . . . Rule 196 requires that objections be made to the giving of an instruction or the refusal to give a requested instruction.") *and State v. Sallis*, 262 N.W.2d at 248 ("Defendant's failure to make known to the trial court before the instructions were given to the jury his wish to so instruct deprives him of a basis for successful appeal in this court for such failure to instruct.").

Under the rule recognized in such cases as *Anderson* and *Holder*, a defendant could await the outcome of the trial to raise issues under the instructions despite the preservation requirements of Iowa R.Civ.P. 196 and despite the fact that such compliance would obviously avoid many unnecessary retrials. The basis for this rule was said to be that error in instructions and refusal to submit requested instructions were grounds for a new trial under section 787.3, The Code 1946 (now Iowa R.Crim.P. 23(2)(b)), which provisions were "not affected by the Rules of Civil Procedure." *State v. Anderson*, 240 Iowa at 1092, 38 N.W.2d at 663.

We no longer adhere to that view, although our present rules applicable to instruction procedures and new trials remain virtually unchanged from their statutory predecessors. *Compare* Iowa R.Crim.P. 18(7)(f) *with* § 780.35, The Code 1977, (instruction provisions of civil rules adopted in criminal cases) *and* Iowa R.Crim.P. 23(2)(b)(5), (7) *with* § 787.3(5), (7), The Code 1977 (misdirection of jury and refusal of requested instructions as grounds for new trial).

Iowa R.Crim.P. 18(7)(f), in applying the civil rules to criminal cases, does not exclude instruction procedures; nor does Iowa R.Civ.P. 196, in setting out instruction procedures generally, make any exception for criminal cases. These rules, at least standing alone, clearly require preservation of error in the same manner as in civil cases. If we are to recognize an exception to this rule because of the interaction of our new-trial rule with Iowa R.Civ.P. 196, this

should also be clearly shown. *See* 2A A. Sutherland, *Statutes and Statutory Construction* § 47.11, at 90 (4th ed. C. Sands 1973) (exceptions to statutes not to be implied). Nothing in our new-trial rule suggests that, merely because "misdirection" of the jury and refusal to grant requested instructions are grounds for a new trial, these issues need not be preserved at the appropriate time during the trial. In fact, this view of the effect of the new-trial rule is not reasonable. For example, another ground under Iowa R.Crim.P. 23(2)(b)(5) is that the court "erred in the decision of *any question of law* during the course of the trial . . . .. (Emphasis added.) If enumeration as a ground for new trial obviates the need for timely objection at trial, then virtually every objection to the court's rulings throughout the trial could be "saved" for the new trial motion because they would be "decision[s] of . . . question[s] of law during the course of the trial." We do not believe that such results were intended in the drafting of our present rules or their predecessors.

Requiring a criminal defendant to raise objections to jury instructions prior to their being read to the jury has been upheld by the United States Supreme Court. *See Singer v. United States*, 380 U.S. 24, 38, 85 S.Ct. 783, 791, 13 L.Ed.2d 630, 639–40 (1965); *Lopez v. United States*, 373 U.S. 427, 436, 83 S.Ct. 1381, 1386, 10 L.Ed.2d 462, 469 (1963). Such a procedure in federal cases is in fact required by Fed.R.Crim.P. 30. The Advisory Committee Note to that rule states, "It seemed appropriate that on a point such as instructions to juries there should be no difference between civil and criminal cases."

We hold, therefore, that Iowa R.Civ.P. 196, including its requirement of timely preservation of error as to instructions, shall be fully applicable to all criminal cases in which trial is commenced after the filing of this opinion. Any of the language of our earlier cases inconsistent with this holding is expressly disapproved.

III. *Motion for new trial.* A new-trial motion was filed by the defendant based

upon his claim, supported by a juror's affidavit and testimony, that the jury had failed to consider the issue of intent, a necessary element of the crime of burglary. This juror testified at the hearing on the motion for new trial that the jury "got down to the point where they said, 'well, we only have to find him guilty of breaking and entering'" and that she would not have voted to convict if the element of intent had been discussed.

Wigmore states the general rule applicable to such matters:

> [I]t is today universally agreed that on a motion to set aside a verdict and grant a new trial the verdict cannot be affected, either favorably or unfavorably, by the circumstances:
>
> .    .    .    .    .
>
> [that the jury]  .  .  .  had *omitted to consider* important evidence or issues  .  .  .  .

8 J. Wigmore, *Evidence in Trials at Common Law* § 2349, at 681–82 (McNaughton ed. 1961) (emphasis in original).

The defendant acknowledges the general rule but contends that the State, by failing to object to this evidence and in cross-examining the juror at the new-trial hearing, waived any objection to this procedure. The State responds that because the rule prohibiting "impeachment" of a verdict is part of the parol evidence rule no objection is required. There is support for the State's argument. *See, e. g.,* 8 J. Wigmore, *supra,* §§ 2348–2349, at 679–81. We have held the parol evidence rule is one of substantive law, and a court must apply it *sua sponte. See In re Estate of Kalouse,* 282 N.W.2d 98, 105–06 (Iowa 1979); *Tamm, Inc. v. Pildis,* 249 N.W.2d 823, 834–35 (Iowa 1976). However, we hesitate to apply the parol evidence rule in assessing an attack upon a verdict without some qualification. There is danger in an overly broad view of what constitutes "impeachment" of a verdict. "The familiar rubric that a juror may not impeach his own verdict, dating from Lord Mansfield's time, is a gross oversimplification." Fed.R.Evid. 606(b) Advisory Committee Note. *Accord,* 8 J. Wigmore, *supra,* § 2349, at 690.

■ A distinction must be drawn between inquiries into the internal workings of the jury and external pressures brought to bear on the decision-making process. The internal workings include what parts of the record or instructions were or were not considered, the jurors' discussion, their motivations, mental or emotional reactions, their votes, or other evidence which seeks to show that the actual decision of the jury was, or should have been, something other than what the verdict indicates. *Id.* at 681–82. Such matters are said to "inhere" in the verdict. *See State v. Brown,* 253 Iowa 658, 671, 113 N.W.2d 286, 294 (1962). In this context, it is appropriate to invoke the parol evidence rule to prevent assaults on a verdict. Upon the basis of the parol evidence reasoning, or upon general policy grounds, or both, this type of evidence is incompetent. *See Harris v. Deere & Co.,* 263 N.W.2d 727, 729–30 (Iowa 1978); *State v. Washington,* 160 N.W.2d 337, 340 (Iowa 1968); *State v. Brown,* 253 Iowa at 671, 113 N.W.2d at 294; *State v. Baker,* 246 Iowa 215, 239, 66 N.W.2d 303, 316–17 (1954); Fed.R.Evid. 606(b); *McCormick's Handbook of the Law of Evidence* § 68, at 147–49 (2d ed. 1972); *cf. State v. Paulsen,* 286 N.W.2d 157, 160 (Iowa 1979) (attack on indictment by grand juror testimony). In *State v. Hahn,* 259 N.W.2d 753, 757 (Iowa 1977) (statement by juror that he knew trial judge "hates" hung juries), this court stated the rule in very unequivocal terms:

> We are obliged to ignore statements or affidavits of jurors as to whether the communications influenced their verdict. The principle is well settled a juror may not by affidavit or testimony state what influenced the jury in reaching the verdict.

■ On the other hand, evidence of external matters improperly brought to bear on the deliberations may be used to attack a verdict. These "objective" facts may be testified to by a juror. *Harris v. Deere & Co.,* 263 N.W.2d at 729–30. Examples would be an experiment by a juror, *Fischer,*

*Inc. v. Standard Brands, Inc.,* 204 N.W.2d 579, 584–86 (Iowa 1973), and a prejudicial comment by a bailiff to jurors in a criminal case, *Parker v. Gladden,* 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966). *See also* Fed.R.Evid. 606(b) Advisory Committee Note; J. Yeager & R. Carlson, *supra,* § 1144, at 261–62. Because such matters do not "inhere" in the verdict, the parol evidence rule is not violated. Further, a countervailing policy is actually advanced by admission of such evidence to upset a verdict when the effect is to "purify the jury room, by rendering such improprieties capable and probable of exposure, and consequently deterring jurors from resorting to them." *Wright v. Illinois & Mississippi Telegraph Co.,* 20 Iowa 195, 211 (1866).[2]

■ As applied to this case, the attack on the verdict does not seek merely to establish the existence of extraneous information or influences bearing on the verdict; rather, it goes to the very heart of the deliberations, attempting to show that the intent element was not considered by the jury. This attempt to show internal factors influencing the verdict is clearly outside the parameters of permissible juror inquiry. The rule excluding such evidence, being one of substantive law, was properly applied by the court even in the absence of objection by the State. The trial court did not commit error in refusing a new trial on this ground.

We conclude there is no reversible error on any of the grounds urged and therefore affirm the trial court.

AFFIRMED.

---

2. The rule announced in *Wright,* allowing "objective" evidence by jurors to attack a verdict is recognized as the "Iowa rule" in contradistinction to the more conservative "Lord Mansfied rule" which would prohibit such evidence even for that limited purpose. *See* 8 J. Wigmore, *supra,* § 2354, at 702. The Iowa rule appears to be a minority rule. *Ibid;* Report of House Judiciary Committee to Fed.R.Evid. 606(b). Nevertheless, we continue to adhere to it. *See, e.g., Harris v. Deere & Co.,* 263 N.W.2d at 729–30.