# IN THE COURT OF APPEALS OF IOWA

No. 18-1764
Filed April 15, 2020

**PAUL JOSEPH BORUCH,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Brad McCall, Judge.

Paul Boruch appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Paul Boruch guilty of willful injury causing serious injury and going armed with intent. This court affirmed his judgment of conviction, vacated a portion of the sentencing order relating to a no-contact order, and remanded for entry of a corrected sentencing order. *See State v. Boruch*, No. 14-1757, 2016 WL 4801325, at *6 (Iowa Ct. App. Sept. 14, 2016).

Boruch filed a postconviction-relief application raising issues that are not a subject of this appeal. The case was submitted to the court on written briefs and argument of counsel. The postconviction court dismissed the application.

On appeal, Boruch argues "all prior counsel [were] ineffective for failing to request dismissal of the underlying charges based on the State's failure to provide preliminary hearing within 10 days." By raising it as an ineffective-assistance-of-counsel claim, Boruch essentially concedes the issue was not considered by the postconviction court. That said, Boruch raised a variant of the issue on direct appeal. He contended he should not have been assessed jail room-and–board fees because he was illegally detained after the date by which he should have had a preliminary hearing. *Id.* at *3–4.

This court began by summarizing the governing rule: "A criminal defendant is entitled to a preliminary hearing within ten days of his initial appearance if he is in custody and within twenty days if he is not in custody." *Id.* at *3 (citing Iowa R. Crim. P. 2.2(4)(a)). Turning to the remedy for violation of the rule, the court stated,

> Boruch was not entitled to dismissal of his charges after he was not granted a preliminary hearing within ten days after his initial appearance, even though the trial information was not filed until nine days later. During that time he was entitled to challenge his custody by a habeas corpus proceeding, but he failed to do so. Thus, his

incarceration was subject to challenge, but without a judicial determination that he was entitled to be released, his incarceration was not illegal.

*Id.* at *4 (citations omitted). The court cited *State v. Rouse*, 290 N.W.2d 911, 913 (Iowa 1980). There, the court held, "habeas corpus, not dismissal, is the proper remedy for alleged failure to comply with the time requirements of rule [2.]2(4)(a)." *Rouse*, 290 N.W.2d at 913.

We are persuaded that the issue Boruch now raises was raised and decided on direct appeal, albeit in a slightly different context. Because the ground for relief was "finally adjudicated" on direct appeal, Boruch cannot revisit the issue. *See* Iowa Code § 822.8 (2018); *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("Holmes cannot now relitigate issues decided adversely to him on direct appeal.").

Even if the argument Boruch now raises could be construed as different from the argument he raised on direct appeal, *Rouse* still serves as controlling contrary precedent.[1] Previous counsel could not have been ineffective in declining to pursue an issue that found no support in the law. *See State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017) ("Trial counsel is not ineffective in failing to urge an issue that has no merit.").

We affirm the dismissal of Boruch's postconviction-relief application.

**AFFIRMED.**

---

[1] Boruch raises factual distinctions between his case and *Rouse*. Those distinctions do not affect *Rouse*'s holding of the proper remedy for violation of rule 2.2(4)(a).