# IN THE COURT OF APPEALS OF IOWA

No. 19-1537
Filed November 23, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERIC MILES BAILEY,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Linn County, Nancy A. Baumgartner,

Judge.

    Eric Bailey appeals the denials of his motions to dismiss in four criminal

cases. **APPEAL DISMISSED.**

    Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for

appellant.

    Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

    Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Eric Bailey was criminally charged in four separate cases. He filed motions to dismiss in each of the matters, arguing his due process rights were violated because no preliminary hearing was held in any of the cases. The State responded Bailey's "remedy is not dismissal but habeas corpus relief." The court agreed and denied the motion to dismiss. Ultimately, Bailey entered guilty pleas on charges of first-degree theft, third-degree burglary, and two counts of violating sex offender registry requirements. He appealed following the imposition of sentence.

The State requests that we dismiss this appeal absent good cause to appeal following guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019). Iowa Code section 814.6(1)(a)(3) precludes a defendant from appealing a conviction following the defendant's plea of guilty, except when the defendant pleads guilty to a class "A" felony or "the defendant establishes good cause." *Id.* Bailey did not plead guilty to a class "A" felony, so the only remaining exception potentially available to him is for him to establish good cause.

Our supreme court declined to find good cause when a defendant challenged the guilty plea itself, explaining:

> By definition, a legally sufficient reason is a reason that would allow a court to provide some relief. When [the defendant] pleaded guilty and requested immediate sentencing, he waived his right to file a motion in arrest of judgment. His failure to file a motion in arrest of judgment precludes appellate relief. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). We thus cannot provide relief.

*State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (also acknowledging two exceptions not applicable on the facts).[1]

As the court did in *Treptow*, we will decide whether there is "a legally sufficient reason . . . that would allow a court to provide some relief." *See id.* We begin by noting Bailey's challenge relates to a claimed procedural defect that occurred prior to his guilty plea. "A guilty plea waives all defenses and challenges not intrinsic to the voluntariness of the plea." *State v. Tucker*, 959 N.W.2d 140, 146 (Iowa 2021). Bailey's waiver of the procedural challenge he asserts on appeal causes us to conclude Bailey has failed to establish good cause. More specifically, we note Iowa Rule of Criminal Procedure 2.2(4)(a) provides that following an arrest and appearance before a magistrate, the magistrate shall schedule a preliminary hearing within a specified number of days, unless the defendant waives the hearing or an indictment or trial information is timely filed.

The controlling precedent that binds us provides "habeas corpus, not dismissal, is the proper remedy for alleged failure to comply with the time requirements of" the rule. *State v. Rouse*, 290 N.W.2d 911, 913 (Iowa 1980), *superseded by statute on other grounds as recognized in Ryan v. Arneson*, 422 N.W.2d 491 (Iowa 1988).[2]

---

[1] *See also State v. Manirabaruta*, No. 20-0025, 2021 WL 4890937, at *3 (Iowa Ct. App. Oct. 20, 2021) ("Until further directed by our supreme court, we decline to find good cause to grant [the defendant] a right to appeal based on his claim of no factual basis for his guilty plea."); *State v. Shields*, No. 19-1525, 2021 WL 3661073, at *1 (Iowa Ct. App. Aug. 18, 2021) (finding no good cause to appeal to challenge the voluntariness of a guilty plea when no motion in arrest of judgment is filed).

[2] *Accord Boruch v. State*, No. 18-1764, 2020 WL 1879678, at *1 (Iowa Ct. App. Apr. 15, 2020) (noting "*Rouse* still serves as controlling contrary precedent" on this argument), *further review denied* (June 8, 2020); *State v. Haywood*, No. 16-1369, 2017 WL 4570510, at *8 (Iowa Ct. App. Oct 11, 2017) ("[A] 'violation in the

We cannot provide relief. *See id.* Thus, Bailey has not established good cause to appeal following his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3). We dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

---

complaint stage of the proceedings does not affect the merits of the charge, but only affects the legality of the detention of the accused to answer the charge prior to the filing of the information.' Specifically, the 'remedy for a defendant who claim[s] that his constitutional right to a preliminary had been denied' is seeking a habeas corpus proceeding, not dismissal of the charges or 'voidance of a subsequent conviction.'" (citations omitted)), *further review denied* (Dec. 1, 2017).